UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| E.P.,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>FRANK BISIGNANO,<br><br>　　　　　Defendant. | Case No.  22-cv-05830-VKD<br><br>**ORDER GRANTING PLAINTIFF'S COUNSEL'S MOTION FOR ATTORNEYS' FEES**<br><br>Re: Dkt. No. 25 |

　　　　Plaintiff E.P. filed this action for review of an unfavorable decision by the Commissioner of Social Security ("Commissioner").[1] The Court granted in part and denied in part E.P.'s and the Commissioner's respective summary judgment motions, remanded the matter for further administrative proceedings, and entered judgment for E.P. Dkt. Nos. 21, 22. The Court subsequently granted the parties' stipulation to award attorneys' fees in the amount of $8,200 to E.P.'s counsel, Francesco Benavides, pursuant to the Equal Access to Justice Act ("EAJA"). Dkt. No. 24. In August 2025, following remand, the Commissioner issued a fully favorable decision, finding that E.P. was disabled since August 31, 2018. Dkt. No. 25-2 at ECF 11. In November 2025, the Social Security Administration issued a notice, informing E.P. that she is entitled to past-due benefits in the amount of $177,954.00. *Id.* at ECF 3; *see also* Dkt. No. 25 (Benavides Declaration ¶¶ 3, 4).

　　　　Mr. Benavides now moves for attorneys' fees pursuant to 42 U.S.C. § 406(b). Dkt. No. 25.

---

[1] Frank Bisignano, Commissioner of the Social Security Administration, is substituted for his predecessor pursuant to Federal Rule of Civil Procedure 25(d).

1   He seeks an award of $35,200.00 pursuant to a contingency fee agreement with E.P.  That

2   agreement provides that if E.P. is successful following an appeal, then the agreed-upon fee for Mr.

3   Benavides's work in this Court is "25% of [E.P.]'s past due benefits awarded to [E.P.] upon

4   reversal of any unfavorable ALJ decision."  Dkt. No. 25-3.[2]

5        When a district court awards fees under both the EAJA and § 406(b), "'the claimant's

6   attorney must refund to the claimant the amount of the smaller fee.'"  *Crawford v. Astrue*, 586

7   F.3d 1142, 1144 n.3 (9th Cir. 2009) (quoting *Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002)).

8   However, Mr. Benavides avers that he did not receive payment of the $8,200.00 in attorneys' fees

9   previously awarded under the EAJA because the Treasury Department used those funds to offset a

10  debt owed by E.P.  *See* Dkt. No. 25 (Benavides Declaration ¶¶ 5, 6); Dkt. No. 25-5.

11       Mr. Benavides avers that he served E.P. with a copy of the present motion for fees and

12  supporting papers via certified mail.  *See* Dkt. No. 25 at ECF 8.  The Court has received no

13  objection or response from E.P. or the Commissioner, and the time for submitting a response has

14  passed.  *See* Civil L.R. 7.  The motion is deemed suitable for determination without oral argument.

15  Civil L.R. 7-1(b).  Upon consideration of the moving and responding papers, the Court grants Mr.

16  Benavides's motion.

## I.    DISCUSSION

When a court renders judgment favorable to a claimant represented by an attorney, "the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]"  42 U.S.C. § 406(b)(1)(A).  A court may award such fees even if the court's judgment did not immediately result in an award of past-due benefits.  *Butler v. Colvin*, No. 3:14-cv-02050-LB, 2017 WL 446290, at *1 (N.D. Cal. Feb. 2, 2017).

Section 406(b) "does not displace contingent-fee agreements as the primary means by which fees are set for successfully representing Social Security benefits claimants in court."

---

[2] Mr. Benavides states that the attorney who represented E.P. at the administrative level received fees in the amount of $9,200.00 under 42 U.S.C. § 406(a).  *See* Dkt. No. 25 at ECF 2.  The total of that award and the fees Mr. Benavides presently seeks does not exceed 25% (i.e. $44,488.50) of E.P.'s past-due benefits.

*Gisbrecht*, 535 U.S. at 807.  "Rather, § 406(b) calls for court review of such arrangements as an independent check, to assure that they yield reasonable results in particular cases."  *Id*.  "The statute does not specify how courts should determine whether a requested fee is reasonable" and "provides only that the fee must not exceed 25% of the past-due benefits awarded."  *Crawford*, 586 F.3d at 1148; *see also Gisbrecht*, 535 U.S. at 807 ("Congress has provided one boundary line: Agreements are unenforceable to the extent that they provide for fees exceeding 25 percent of the past-due benefits.").  The attorney seeking fees must show that the fees sought are reasonable for the services rendered.  *Gisbrecht*, 535 U.S. at 807.

In determining a reasonable fee award under § 406(b), courts "must respect 'the primacy of lawful attorney-client fee agreements,' . . . 'looking first to the contingent fee agreement, then testing it for reasonableness.'"  *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 793, 808).  In this context, reasonableness does not depend on lodestar calculations, but upon "the character of the representation and the results the representative achieved."  *Gisbrecht*, 535 U.S. at 808.  Fees resulting from a contingent fee agreement are unreasonable and subject to reduction by the court "if the attorney provided substandard representation or engaged in dilatory conduct in order to increase the accrued amount of past-due benefits, or if the 'benefits are large in comparison to the amount of time counsel spent on the case.'"  *Crawford*, 586 F.3d at 1148 (quoting *Gisbrecht*, 535 U.S. at 808).  Although the Supreme Court has "flatly rejected [a] lodestar approach," *id*., a court may require, "not as a basis for satellite litigation, but as an aid to the court's assessment of the reasonableness of the fee yielded by the fee agreement," submission of the requesting attorney's records of the hours worked and normal hourly billing rate for non-contingent fee cases.  *Gisbrecht*, 535 U.S. at 808.

Mr. Benavides has demonstrated that the requested fees are reasonable for the services rendered.  His contingency fee agreement with E.P. provides for fees within the 25% limit imposed by § 406(b).  Dkt. No. 25-3.  Mr. Benavides is seeking fees in an amount less than 25% of E.P.'s past-due benefits award.  He successfully pursued E.P.'s appeal in this Court, and obtained a favorable result in which E.P. received substantial past-due benefits.  Dkt. Nos. 25-1, 25-2.  Nothing in the record suggests that Mr. Benavides's performance was substandard, or that

he engaged in dilatory conduct in order to increase the amount of fees to be awarded. The Court finds no instances of undue delay.

Mr. Benavides's time records, which the Court has reviewed as an aid to the assessment of the reasonableness of the requested fee, indicate that he spent 34.6 hours working on the present appeal. *See* Dkt. No. 25-4. Although those records result in a higher hourly rate than the $350-500 hourly rate Mr. Benavides says he currently charges for non-contingency matters, as discussed above, *Gisbrecht* and *Crawford* make clear that a lodestar analysis does not drive the evaluation of fees under § 406(b). *See Gisbrecht*, 535 U.S. at 806; *Crawford*, 586 F.3d at 1149. Moreover, the Court recognizes that Mr. Benavides assumed a risk of not recovering fees by representing E.P. on a contingency basis since September 2022. *See* Dkt. No. 25-3. There is no indication that at that time, Mr. Benavides could have known that E.P. would obtain an order remanding the case for further proceedings and that, years later, the agency ultimately would find that E.P. was entitled to past-due benefits. Additionally, as noted above, the record indicates that Mr. Benavides received no payment of the previously awarded EAJA attorneys' fees. Dkt. No. 25-5.

Accordingly, the Court finds that the requested fees are reasonable. Under the circumstances presented, there is no need for an order requiring Mr. Benavides to refund to E.P. the prior $8,200.00 in fees awarded under the EAJA.

## II. CONCLUSION

Based on the foregoing, Mr. Benavides's motion for fees pursuant to 42 U.S.C. § 406(b) is granted. The Court awards $35,200.00 in fees to Mr. Benavides.

**IT IS SO ORDERED.**

Dated: December 31, 2025

Virginia K. DeMarchi
United States Magistrate Judge